UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVIN C. CURTIS,

          Plaintiff,

   v.

CHRISTOPHER FORNEAR, *et al.*,

          Defendants.

Case No. C25-5234-KKE-SKV

ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR LEAVE TO AMEND

    This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motions for appointment of counsel (Dkt. 16) and for leave to file an amended complaint (Dkt. 18).[1] Defendants have not filed a response to Plaintiff's motion for appointment of counsel. Plaintiff's motion for leave to amend was only recently filed and no response is yet due, but the Court does not deem a response necessary and will therefore proceed to resolution of the motion without waiting for a response. The Court, having reviewed Plaintiff's motions, and the balance of the record, ORDERS as follows:

    (1)    Plaintiff's motion for appointment of counsel (Dkt. 16) is DENIED. There is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28

---

[1] Plaintiff refers to herself using female gender pronouns in the instant motions. The Court therefore uses female gender pronouns in referring to her in this Order.

ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
FOR LEAVE TO AMEND - 1

U.S.C. § 1915(e)(1), can request counsel to represent any person unable to afford counsel, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff is currently in the custody of the Washington Department of Corrections ("DOC"). She asserts in support of her motion for appointment of counsel that this case will require deposing DOC staff and incarcerated witnesses, as well as serving subpoenas, and she claims she does not have the knowledge to accomplish these tasks in a timely and effective manner. Dkt. 16 at 1. Plaintiff further asserts that once she completes her current DOC sentence in January 2026, she will be returned to Asotin County to await extradition to Bergen County, New Jersey, where she will face additional criminal proceedings. *Id*. Plaintiff expresses her concern that neither Asotin County nor Bergen County takes part in the Court's e-filing system and that without counsel to assist her she will not be able to comply with this Court's Orders. *Id*.

To the extent Plaintiff expresses concerns about her ability to litigate this action once she is released from DOC custody, Plaintiff is advised that the e-filing requirement applies only to individuals in the custody of the DOC and not to individuals confined in other facilities, including county jails. Thus, her release from DOC custody should not impair her ability to litigate this action in accordance with court rules as she will no longer be subject to the e-filing requirement. As to Plaintiff's concern about her ability to conduct discovery, this is a challenge typical of those faced by *pro se* litigants in general and does not, by itself, constitute an

ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
FOR LEAVE TO AMEND - 2

extraordinary circumstance. For these reasons, Plaintiff's arguments do not establish an entitlement to appointment of counsel.

In addition, the Court observes that Plaintiff has asserted a single claim for relief in her complaint which is limited in time and scope, and she demonstrated in her complaint ample ability to articulate the legal and factual bases of her claim without the assistance of counsel. As for Plaintiff's likelihood of success on the merits of her claim, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that her case involves exceptional circumstances which warrant the appointment of counsel.

(2) Plaintiff's motion for leave to file an amended complaint (Dkt. 18) is DENIED. Plaintiff indicates in her motion that she is seeking permission to amend her complaint to name two additional defendants. *See id*. However, Plaintiff did not attach to her motion a proposed amended pleading. Pursuant to Local Civil Rule (LCR) 15, a copy of the proposed amended pleading must be attached as an exhibit to any motion seeking leave to amend a pleading. Because Plaintiff's motion did not include a copy of her proposed amended pleading, the motion is procedurally deficient and must therefore be denied.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable Kymberly K. Evanson

DATED this 11th day of September, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTIONS
FOR APPOINTMENT OF COUNSEL AND
FOR LEAVE TO AMEND - 3