UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVIN C. CURTIS,

         Plaintiff,

   v.

CHRISTOPHER FORNEAR, et al.,

         Defendants.

Case No. C25-5234-KKE-SKV

ORDER DENYING MOTION TO STRIKE

Devin C. Curtis ("Plaintiff") appears *pro se* and brings claims against Christopher Fornear, Ms. Willis, and Denise Wilkie (collectively "Defendants"), employees at Stafford Creek Corrections Center.[1] She alleges that she was placed in protective custody after reporting threats by another inmate. *See* Dkt. 5 at 4–5. She claims that Defendants subsequently pressured her to return to her housing unit and threatened her with being sent to a higher security facility if she refused, violating her First Amendment free speech rights. *See id.* Defendants filed an answer denying her allegations and raising multiple affirmative defenses. *See* Dkt. 12.

Before the Court is a motion Plaintiff styled as a request for partial summary judgment. *See* Dkt. 17. She asks the Court to assess the merits of certain affirmative defenses set forth in

---

[1] Neither Plaintiff nor Defendants provide Ms. Willis' full name.

ORDER DENYING MOTION TO STRIKE - 1

Defendants' Answer, specifically qualified immunity, sovereign immunity, failure to state a claim, and failure to exhaust administrative remedies.[2] In support, she argues that, if Defendants were entitled to sovereign immunity, or if she had failed to state a claim, her Complaint would not have survived pre-service screening under 28 U.S.C. § 1915A. *See id.* at 1–2. She further contends, with respect to exhaustion, that the grievance process required under the Prison Litigation Reform Act was unavailable to her. *See id.* at 2. Defendants opposed and cross-moved for summary judgment on Plaintiff's claims. *See* Dkts. 20, 24.

I. DISCUSSION

Plaintiff's filing is best construed as a motion to strike Defendants' affirmative defenses, not for summary judgment. Under Federal Rule of Civil Procedure 56(a),

> [a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). Under Rule 12(f), litigants may move the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[]" within 21 days of receiving a pleading to which a response is not allowed. Fed. R. Civ. P. 12(f). Because the relief Plaintiff requests is not a favorable decision on the merits of her claims but instead elimination of certain affirmative defenses raised by Defendants in their Answer, the Court construes her filing as a motion to strike under Rule 12(f).

Plaintiff's request is untimely and misplaced. She had twenty-one days from the filing of Defendants' Answer on June 6, 2025, to move to strike improper content. She waited until

---

[2] Plaintiff further purports to challenge an "affirmative defense[] of[] summary [judgment][.]" *See* Dkt. 17 at 2. Summary judgment is not an affirmative defense, and Defendants had not moved for summary judgment at the time Plaintiff filed her motion.

ORDER DENYING MOTION TO STRIKE - 2

September 9, 2025—over three months—to do so. Plaintiff also misunderstands the import of service here. While the Court screened this case, as is required under 28 U.S.C. § 1915A, and found it sufficient for service, it does not follow that it rendered a decision on the merits or forecasted Plaintiff's success. Instead, the Court determined that there was not, at that point, a facial defect with the claims asserted and that the action should proceed. With respect to exhaustion, Plaintiff does not demonstrate how that defense is improper but instead appears to argue that it will not ultimately withstand scrutiny. Whether Defendants' defenses will prove successful is not a question properly before the Court on Plaintiff's motion. Defendants do, however, raise Plaintiff's failure to exhaust and other affirmative defenses in their own Motion for Summary Judgment, and the Court reserves those issues for consideration when addressing that motion. *See* Dkt. 24.

## II. CONCLUSION

For the foregoing reasons, the Court construes Plaintiff's motion at Docket No. 17 as a motion to strike certain affirmative defenses raised by Defendants and DENIES the same. The Clerk is directed to send copies of this Order to the parties and to the Honorable Kymberly K. Evanson.

Dated this 18th day of November, 2025.

S. KATE VAUGHAN
United States Magistrate Judge