UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVIN C. CURTIS,

                    Plaintiff,

    v.

CHRISTOPHER FORNEAR, et al.,

                    Defendants.

Case No. C25-5234-KKE-SKV

REPORT AND RECOMMENDATION

Devin C. Curtis ("Plaintiff") is a state prisoner who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Before the Court for screening is Plaintiff's Amended Complaint. Having considered Plaintiff's submission, the balance of the record, and the governing law, the Court recommends that Plaintiff's Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915A.

<u>BACKGROUND</u>

Plaintiff's original Complaint alleged that she was placed in protective custody on July 17, 2024, at her request, after reporting threats by another inmate. *See* Dkt. 5 at 4–5. She claimed that Christopher Fornear, Ms. Willis, and Denise Wilkie (collectively "Original

REPORT AND RECOMMENDATION - 1

Defendants"), employees at Stafford Creek Corrections Center,[1] pressured her to return to her housing unit and threatened her with being sent to a higher security facility if she refused. *See id.* Plaintiff claimed that conduct violated her First Amendment free speech rights. *See id.*

Following the close of discovery, the Original Defendants moved for summary judgment. *See* Dkts. 13, 24. Plaintiff filed a partial response and opposed summary judgment on grounds that she never received a *Rand* notice or a copy of her deposition transcript. *See* Dkts. 26, 31–33. The Court granted Plaintiff opportunity to file a supplemental response. *See* Dkt. 35. She never supplemented her response or moved for a further extension of time to do so. The Court delayed ruling on Defendants' motion in view of Plaintiff's transfer to a different facility during or around the time her response was due. *Cf.* Dkt. 39 (renoting Defendants' Motion for Summary Judgment in view of Plaintiff's transfer).

On January 16, Plaintiff sought leave to file a "late" Amended Complaint. Dkts. 40, 41. She stated that she had intended to file her motion and proposed amended pleading on November 20, 2025, but she learned it had been inadvertently filed in a state court case almost a month later. *See* Dkt. 40. In her proposed amended pleading, Plaintiff abandoned her First Amendment claim against the Original Defendants in favor of one new cause of action: "negligent investigation/failure to protect." *See* Dkt. 41-1 at 1. She sought to bring that claim against three other employees at Stafford Creek Corrections Center: Roger Weld, a Department of Corrections ("DOC") Lieutenant, Anderson, a Classification Counselor, and Jane Doe, a G Unit Custodian (collectively "Amended Defendants").[2] *See id.* The Court granted Plaintiff leave to amend,

---

[1] Neither Plaintiff nor the Original Defendants provided Ms. Willis' first name.

[2] Plaintiff does not provide Anderson's first name.

REPORT AND RECOMMENDATION - 2

subject to a 28 U.S.C. § 1915A screening, and found moot the Original Defendants' Motion for Summary Judgment. *See* Dkt. 47.

In her Amended Complaint, Plaintiff alleges that, on July 17, 2024, she requested "pc" (protective custody) due to Prison Rape Elimination Act ("PREA") "concerns." Dkt. 48 at 1. Upon being brought to see Defendant Weld, Plaintiff informed him that she had experienced nonconsensual touching of her chest, arms, and head, as well as sexual harassment. *See id.* at 1–2. She alleges that Defendant Weld acknowledged that she was "highly upset" by that incident. *See id.* at 2. Plaintiff also asserts that she named two witnesses and the offending individual, and that she reported that the offending individual informed Plaintiff's cellmate that he was going to rape Plaintiff. *See id.* Plaintiff avers that Defendant Weld left some information out of a complaint, and that she subsequently relayed that information to Defendant Anderson. *See id.*

Plaintiff alleges that she was interviewed by Defendant Anderson on August 4, 2024, and that she was told her witnesses would be interviewed as soon as possible. *See id.* However, Plaintiff alleges that unspecified documents filed by the Original Defendants in support of their Motion for Summary Judgment indicate that her witnesses were never interviewed by Defendant Weld or Defendant Anderson. *See id.* Plaintiff's complaint was ultimately found to be unsubstantiated. *See id.*

Separately, Plaintiff claims that another individual subsequently informed her that Defendant Doe told inmates in "G Unit" that Plaintiff was feigning fear and that Defendant Doe had given out Plaintiff's DOC number so inmates could look up why she was incarcerated. *See id.* at 3. That conversation occurred while Plaintiff was "in the transfer pod." *Id.* at 2–3. Plaintiff vaguely alleges that Defendant Doe's conduct "explained the death threats she had

REPORT AND RECOMMENDATION - 3

experienced[.]" *Id.* Plaintiff indicates that she was unable to file a grievance because "policy prohibits grievances based on 'what one heard.'" *Id.*

Plaintiff alleges that these acts drove her to attempt suicide by "trying to eat peanut butter," despite her severe allergy. *Id.* She was stopped by another inmate. *Id.*

## LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint[:] (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) she suffered a violation of rights protected by the Constitution or created by federal statute,

REPORT AND RECOMMENDATION - 4

and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he or she was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson* v. *City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

## DISCUSSION

In her Amended Complaint, Plaintiff claims that the Amended Defendants failed to protect her and conducted a negligent investigation. *See* Dkt. 48 at 1.

The PREA "'authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission[.]" *Watkins v. Tuolumne County Jail*, No. 18-cv-01096-DAD-SAB, 2019 WL 95508, at *3 (E.D. Cal. Jan. 3, 2019) (citations omitted). However, violations of PREA have never been found to give rise to a private cause of action. *See Rudder v. Washington State Dep't of Corr.*, No. 24-cv-05418-LK, 2024 WL 4202161, at *2 (W.D.

REPORT AND RECOMMENDATION - 5

Wash. Sept. 16, 2024) ("PREA includes no express private remedy, and there is no reason to think Congress intended to create one."); *Krieg v. Steele*, 599 F. Appx. 231, 232–33 (5th Cir. 2015) (collecting cases). To the extent that Plaintiff's negligent investigation claim alleges violations of the PREA itself, that claim is not cognizable.

To the extent that Plaintiff seeks to bring a failure to protect claim based on the Amended Defendants' allegedly negligent investigation, that claim implicates Plaintiff's rights under the Eighth Amendment. The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. *See id*. In order to establish an Eighth Amendment violation, a prisoner must satisfy a two-part test containing both an objective and a subjective component. The Eighth Amendment standard requires proof that (1) the alleged wrongdoing was objectively harmful enough to establish a constitutional violation; and (2) the prison official acted with a sufficiently culpable state of mind. *Id*. at 834.

The objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

REPORT AND RECOMMENDATION - 6

Plaintiff's failure to protect claims are not sufficiently clear and specific to state a plausible claim for relief.  In essence, she alleges that Defendant Weld left information out of a complaint, that Defendant Anderson interviewed her, that two witnesses Plaintiff believes should have been interviewed were not interviewed, and that she learned while being transferred that Defendant Doe opined that she was feigning fear and disclosed her DOC number to other inmates.  She does not allege that any of that conduct compromised her safety with respect to other inmates.[3]  Indeed, it appears from her allegations that an investigation was conducted after she complained about threats, and she was later transferred.  The only risk of harm she alleges was self-inflicted and ultimately prevented by another inmate.  She includes no allegations that indicate the Amended Defendants knew of and disregarded any excessive risk to Plaintiff's health or safety.  As none of the conduct Plaintiff alleges is objectively harmful enough to establish a constitutional violation, no allegations indicate the Amended Defendants knowingly disregarded a risk of harm to Plaintiff, and the alleged self-inflicted harm risk was averted, Plaintiff fails to state a failure to protect claim under Section 1983.

Plaintiff filed this action almost a year ago.  She had the benefit of full discovery to develop claims regarding this particular incident.  She abandoned her original claim against the Original Defendants by pivoting to a bare-bones Amended Complaint containing new claims— based on the same incident response—against entirely new defendants.  In view of the procedural history in this case, the undersigned finds that affording Plaintiff additional opportunity to reshape her claims would prove futile.  Accordingly, the undersigned recommends that Plaintiff's Amended Complaint be dismissed without further opportunity to amend.

---

[3] Plaintiff vaguely connects Defendant Doe's disclosures to death threats she received.  *See* Dkt. 48 at 3.  Plaintiff does not allege that she reported those threats or that they relate to the instant negligent investigation and failure to protect claims premised on her nonconsensual touching and rape threat complaint.

REPORT AND RECOMMENDATION - 7

CONCLUSION

The Court recommends that Plaintiff's Amended Complaint be DISMISSED with prejudice and without leave to amend pursuant to 28 U.S.C. § 1915A.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 12, 2026**.

Dated this 19th day of February, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8